UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LEE JACKS,<br>Plaintiff,<br>v.<br>JOHNSON, *et al.*,<br>Defendants. | Case No. 2:26-cv-2168-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, alleges that defendants Johnson and Thompson violated his Eighth Amendment rights by failing to protect him from an assault by another inmate at California State Prison-Sacramento. ECF No. 1 at 3-4. He also claims that defendants' actions violated his rights under the First Amendment, the Equal Protection Clause, and the Americans with Disabilities Act ("ADA"). *Id.* at 4. After review of the complaint, I find that plaintiff's Eighth Amendment claims are suitable to proceed past screening. Plaintiff's other theories of liability are, as articulated, non-cognizable. Plaintiff may elect to proceed only with his Eighth Amendment claims, or delay serving any defendant and file an amended complaint. I will grant his application to proceed *in forma pauperis*. ECF No. 2.

## Screening Order

### I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### II. Analysis

Plaintiff alleges that on March 17, 2026, defendant Johnson called him out of his cell for a visit to the medical wing. ECF No. 1 at 3. He claims that he arrived at the medical facility and was told by officers there that he had not been summoned and had no reason to be there. *Id.* He

left to return to his cell and, on the way, was assaulted by a "John Doe" inmate whom Thompson purposefully allowed out of his cell. *Id.* at 3-4. The complaint appears to allege that Johnson and Thompson conspired to have him assaulted by luring him out of his cell and into harm's way. These allegations are sufficient to state an Eighth Amendment claim.

Plaintiff also alleges, however, that this alleged misconduct violated his rights under the First Amendment, the Equal Protection Clause, and the ADA. With respect to the Equal Protection Clause and the ADA, the complaint is, as best I can tell, wholly silent as to their application. Accordingly, these theories do not appear cognizable. With respect to his First Amendment retaliation claim, plaintiff alleges that the attack was retaliation by "the administration" for "trust illegally stolen." *Id.* at 4. I cannot tell what this means or what the protected activity motivating the alleged retaliation is. Accordingly, this claim also fails.

Plaintiff may either proceed only on the claims deemed cognizable in this order, or delay serving any defendant and file an amended complaint. If he elects to file an amended complaint, he is advised that it must be complete in itself, filed on the form included with this order, and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Within thirty days, plaintiff may confirm his intent to proceed only with the Eighth Amendment claims against the named defendants or, within that same time, file an amended complaint with the understanding that doing so will delay service of any defendant. If plaintiff confirms his intent to proceed with the cognizable claims, I will direct service for the aforementioned defendants.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

3. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: August 11, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE